UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathan C. Braun,                                    Civil No. 26-401 (DWF/ECW)

        Plaintiff,

v.                                                  AMENDED ORDER

Christopher Vierzba,

        Defendant.

INTRODUCTION

This matter is before the Court on Plaintiff Nathan C. Braun's objections (Doc. No. 6) to the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright dated February 9, 2026 (Doc. No. 3). The Court previously adopted the R&R. (Doc. No. 4.) For the reasons set forth below, the Court overrules the objections and amends its prior order to dismiss the claims with prejudice.

BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference. In short, this case involves (1) an alleged contract between Braun and Defendant Christopher Vierzba, an agent for Minnesota's intensive supervised release program, regarding Braun's conviction in state court for third-degree criminal sexual conduct, and (2) Braun's subsequent arrest for violation of his conditional release. Braun alleged that he and Vierzba entered into an oral contract that upon Braun's completion of a polygraph examination proving his

innocence, Vierzba would help Braun overturn the conviction. (Doc. No. 1 at 1.) Braun alleged that he completed and passed the polygraph, but instead of helping Braun, Vierzba arrested him. (*Id.*) Braun alleged that the search pursuant to the arrest was impermissibly broad and that the arrest was retaliatory in nature. (*Id.* at 1-2.) Braun brings a breach of contract claim for the oral contract and constitutional claims related to the arrest and searches. (*Id.*)

The Magistrate Judge recommended dismissing the complaint in its entirety without prejudice and denying the application to proceed in district court without prepaying fees or costs as moot. (Doc. No. 3 at 13-14.) The deadline to file objections set forth in Local Rule 72.2(b)(1) passed on February 23, 2026, and no objections to the R&R had been filed. Upon a finding of no clear error, the Court adopted the R&R on March 6, 2026. (Doc. No. 4.) On March 9, 2026, judgment was entered. (Doc. No. 5.) The Court then received Braun's objections on March 30, 2026. (Doc. No. 6.) Braun claims he did not receive the R&R until March 25, 2026, and he wrote his objections that same day. (*Id.* at 1, 4.) Although the objections were not received by the deadline, the Court will consider the arguments because Braun raised the issues promptly upon receiving the R&R and because the arguments make clear that Braun's claims fail.[1]

---

[1]    In the objections, Braun points the Court to arguments in a similar case filed against Vierzba, Civil No. 26-511. That case was dismissed as duplicative of this case. *Braun v. Vierzba*, No. 26-cv-511, 2026 WL 529674 (D. Minn. Jan. 28, 2026), *report and recommendation adopted*, 2026 WL 526660 (D. Minn. Feb. 25, 2026). Braun acknowledges that the cases were similar claims, but asks the Court to consider the arguments in both because his filing was presented more clearly in the second case. (Doc. No. 6 at 3.) In the interests of justice, the Court will consider the complaint from Civil No. 26-511 (the "Second Complaint") in addition to the objections and complaint

**DISCUSSION**

Because this is a dispositive matter and Braun filed objections, the Court conducts a *de novo* review.  D. Minn. L.R. 72.2(b).  An action may be dismissed when an applicant to proceed in district court without prepaying fees or costs has filed a complaint that fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *E.g.*, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

I.      **Fourth Amendment Unreasonable Search Claim**

Braun claimed that his Fourth Amendment rights were violated when police searched his workplace, his locked vehicle, and two locked cellphones.  (Doc. No. 1 at 1.) He alleged that he was arrested for not maintaining residence at the house listed on his conditional release, and he reasoned that his workplace, vehicle, and phones were

---

filed in this case.  The Court notes consideration of the Second Complaint where applicable.

irrelevant to that arrest.  (*Id.* at 1-2.)  He also alleged that Minnesota Department of Corrections ("MNDOC") policies allow only for a search of the person and explicitly prohibit searches of locked phones, locked vehicles, and the workplace in such circumstances.  (*Id.*)  The Magistrate Judge recommended dismissing this claim because (1) alleged violations of MNDOC policy are insufficient to establish a constitutional violation and (2) the searches were not unreasonable.  (Doc. No. 3 at 6-7.)

Braun first objects to the Magistrate Judge's conclusion regarding MNDOC policy.  (Doc. No. 6 at 1-2.)  He argues that his references to MNDOC policies were to establish violations of the state laws the policies were intended to enforce.  (*Id.*) MNDOC policies do not create federally enforceable rights.  *See Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1989).  A violation of a MNDOC policy is not sufficient to state a claim under § 1983; the policy violation must have been an independent violation of law. *See, e.g.*, *Mettler v. Whitledge*, 165 F.3d 1197, 1203 (8th Cir. 1999).  The Magistrate Judge correctly explained that and then went on to analyze the state laws underlying those policies.  (Doc. No. 3 at 6-7.)  The Magistrate Judge has already done what Braun requests.

Braun next objects to the conclusion that the searches were not clearly unreasonable due to lack of evidence.  (Doc. No. 6 at 2.)  The Magistrate Judge explained that Minnesota law allows officers to impose conditions on supervised release, including unannounced searches of a person's vehicle and electronic devices, and concluded that Braun did not plausibly state a claim because he did not provide or explain the arrest warrant or his conditions of release.  (Doc. No. 3 at 7.)  Braun argues that the lack of

evidence is because the state of Minnesota is withholding evidence and points the Court to a pending state court case in which he says he requested the evidence, Case No. 13-cv-26-148.  (Doc. No. 6 at 2.)  Upon review of that case, there is no request for the evidence relevant here.  Additionally, it was not necessary for Braun to submit the documents.  He simply could have described the warrant and the conditions of his release more fully.  The Magistrate Judge's reasoning stands.

Moreover, the reasonableness inquiry is based on the totality of the circumstances. *E.g.*, *Samson v. California*, 547 U.S. 843, 848 (2006).  While on conditional release, Braun had a lesser expectation of privacy.  *See id.* at 849.  Additionally, Braun does not challenge the basis for the arrest warrant:  that he violated his supervision conditions by failing to maintain residency at the correct housing.  The search of the phones, workplace, and vehicle is not unreasonable given that Braun violated his supervision conditions.  *Cf. United States v. Hamilton*, 591 F.3d 1017, 1021-24 (8th Cir. 2010) (finding that a search of the home and electronics was reasonable after one parole violation, drinking alcohol, was confirmed).  Braun cannot state a claim for unreasonable search.

## II.     Fourth Amendment Unreasonable Seizure Claim

Reading the complaint liberally, the Magistrate Judge addressed a second Fourth Amendment theory, unreasonable seizure.  The R&R recommended dismissing that theory because Braun did not identify any false statement on which the warrant was based.  (Doc. No. 3 at 8.)  In his objections, Braun does not appear to argue that the arrest in question was based on any false statement.  (*See* Doc. No. 6.)  Both the complaint and

the objections state that the challenged arrest warrant was based solely on failing to maintain residence at the sponsored housing.  (Doc. No. 1 at 1-2; Doc. No. 6 at 3.)  Braun does not challenge that residency violation.  He alleges two other false statements:  one regarding sexually explicit photos of a minor found on his phones (which he specifically connects to his felony sentence), and one regarding a false report to Benton County Family & Child Services.  (Doc. No. 6 at 3.)  But neither allegedly false statement was a basis for his arrest for the residency violation.  Braun fails to state a claim for unreasonable seizure based on a false statement.

In his objections, Braun also clarifies that his unreasonable seizure claim was based on Braun's retaliatory conduct.  (Doc. No. 6 at 2-3.)  Specifically, he alleges that Vierzba waited to seek an arrest warrant on the residency issue until the primary agent on Braun's case went on vacation and that the arrest warrant was retaliation for Braun raising the breach of contract issue.  (*Id.*)  As the Magistrate Judge explained, such a claim is properly considered under the First Amendment.  (*See* Doc. No. 3 at 4-5.)  The Court turns to that next.

## III.    First Amendment Retaliation Claim

In his complaint, Braun briefly mentions "retaliatory actions" by Vierzba that occurred after Vierzba allegedly failed to uphold his end of the contract.  (Doc. No. 1 at 2.)  With little to go on, the Magistrate Judge interpreted the claim to allege that Braun's polygraph results were used against him in the arrest warrant.  (Doc. No. 3 at 12.)  The Magistrate Judge recommended dismissal because the complaint did not describe any protected activity or plausibly allege retaliatory motive.  (*Id.*)

Braun now clarifies that the allegedly retaliatory arrest warrant was in response to Braun filing grievances about Vierzba's breach of contract.  (Doc. No. 6 at 3.)  Such a claim is not clearly articulated in the complaint.  The complaint did not mention the grievances filed, nor explain how those could be the basis for retaliation.[2]  Consequently, the Magistrate Judge did not consider the grievances in her R&R.  Even for *pro se* litigants, the Court need not consider completely new arguments at the objection stage. *E.g.*, *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *see also Jidoefor v. City of Minneapolis Police Dep't*, No. 22-cv-1686, 2023 WL 2823159, at *3 (D. Minn. Apr. 7, 2023) (explaining that even liberally construed objections from a *pro se* litigant must direct the court to specific errors in the R&R).

Moreover, even if the Court did consider the retaliatory arrest theory, Braun has failed to state a claim.  A First Amendment retaliation claim has three elements:  (1) the plaintiff engaged in protected First Amendment activity, (2) the defendant "took an adverse action that would chill a person of ordinary firmness from continuing in that protected activity," and (3) the injury would not have occurred but for the alleged animus. *Nieters v. Holtan*, 83 F.4th 1099, 1110 (8th Cir. 2023).  Additionally, for a retaliatory arrest claim, the plaintiff must show that the defendant lacked probable cause to arrest. *Id.*; *see also Danielson v. Huether*, 355 F. Supp. 3d 849, 864-65 (D.S.D. 2018) (discussing the requirement in the context of an allegedly retaliatory warrant).  Braun accepts that he did violate the residency condition of his release, which was the basis for

---

[2]    The same is true for the Second Complaint.  Indeed, Braun does not mention nor allude to retaliation in the Second Complaint.  (*See* Civ. No. 26-511, Doc. No. 1.)

the warrant.  Braun therefore cannot establish that the arrest lacked a lawful basis and that

he would not have been arrested if not for retaliatory reasons.  *See, e.g.*, *Danielson*, 355

F. Supp. 3d at 864-65 (dismissing retaliation claim because plaintiff did not allege any

facts indicating that he did not commit the violation which was the basis of the warrant).

Put differently, Braun's violation of his conditional release is a proper basis for his arrest,

regardless of the motivation behind it.  The retaliation claim fails and was properly

dismissed.

As a separate retaliation issue, Braun claimed that Vierzba made a false statement

to Benton County Family & Child Services.[3]  (Doc. No. 1 at 2.)  Braun said Vierzba

made a report that Braun had unauthorized conduct with his daughter, but the report was

false because Braun did have authorization.  (*Id.*)  Again, there is insufficient factual

basis to find causation.  Braun does not connect any injury to this false report

specifically.  He lists damages, including the loss of employment and loss of ability to see

---

[3]    It is unclear if Braun raises this issue as a First Amendment retaliation claim, as some sort of negligent misrepresentation or fraud claim, or as a violation of MNDOC policy.  If Braun intended to raise these other claims, they too would fail.

First, claims of negligent misrepresentation and fraud require that Braun himself be misled.  *See Nelson v. Am. Fam. Mut. Ins. Co.*, 899 F.3d 475, 481 (8th Cir. 2018) (listing the elements of a negligent misrepresentation claim, including that the defendant supply false information to the plaintiff); *Stinson v. U.S. Bank, NA*, No. 12-cv-68, 2012 WL 2529354, at *3-4 (D. Minn. June 13, 2012) (listing the elements of a common law fraud claim and explaining that plaintiffs had not identified a false statement made to them), *report and recommendation adopted*, 2012 WL 2529411 (D. Minn. July 2, 2012). The allegedly false statement was made to Benton County, not Braun.

Second, as discussed above, a violation of MNDOC policy is not a standalone cause of action.  For the reasons discussed throughout, Braun has failed to show an independent violation of law.

his children, but those injuries seem to be connected to his reinstated incarceration, not any action by Benton County. Additionally, there is no information suggesting that the Benton County report was an impetus for the arrest or that Benton County took any action in response to the report.[4] Further, as discussed, the arrest would have happened anyway due to the residency violation. Braun does not have a viable retaliation claim.

## IV.    Fifth Amendment Self-Incrimination Claim

Braun next objects to the dismissal of his Fifth Amendment claim, arguing that the illegal seizure of his phones being used against him amounts to a violation of the Self-Incrimination Clause. (Doc. No. 6 at 3.) The complaint did not explain the intricacies of the self-incrimination claim, so the Magistrate Judge was forced to guess what Braun's claim meant. (*See* Doc. No. 3 at 8-9.) But Braun's claim would still fail on his illegal phone seizure theory.

The Fifth Amendment protects against compelled testimonial communication. *E.g.*, *Hiibel v. Sixth Jud. Dist. Ct. of Nev.*, 542 U.S. 177, 189 (2004). Braun did not make any testimonial communication. *Cf. State v. Diamond*, 905 N.W.2d 870, 876 (Minn. 2018) (finding that the compelled use of fingerprint to access defendant's phone did not

---

[4]    The Second Complaint explains that Benton County made a maltreatment determination, which prevented Braun from seeing his daughter and attending the birth of his twins. (Civ. No. 26-511, Doc. No. 1 at 2.) However, the Second Complaint specifies that the maltreatment determination was "due to [his] requirement to register—and that alone." (*Id.*) The requirement to register as a sex offender was part of Braun's sentence for the state court conviction. Sentencing Order, *State v. Braun*, No. 05-cr-16-1323 (Minn. Dist. Ct. Sep. 6, 2017). The inability to see his children therefore stemmed from the prior conviction, not from Vierzba's report to Benton County. Again, there is nothing connecting the allegedly false report to the injury claimed by Braun, so any retaliation claim fails.

violate the Self-Incrimination Clause because defendant did not have to reveal his internal thought processes). Such allegations are better raised as a Fourth Amendment claim, and the Court has already explained that the allegations are insufficient to make a Fourth Amendment claim. Braun does not have a viable Fifth Amendment claim and the Magistrate Judge was correct to recommend dismissal.[5]

## V.    Fourteenth Amendment Due Process Claim

Braun also objects to the dismissal of his due process claim. The Magistrate Judge considered both substantive and procedural theories of due process and concluded that Braun could not state a claim under either theory. (Doc. No. 3 at 9-11.) For a substantive due process claim, a plaintiff must demonstrate that their fundamental right was violated in a manner that shocks the conscience. *Torgerson v. Roberts County*, 139 F.4th 638, 644 (8th Cir. 2025). For a procedural process claim, a plaintiff must demonstrate that the state deprived them of a protected interest without sufficient process. *Id.*

Braun points to the two allegedly false statements as evidence that his due process rights were violated. (Doc. No. 6 at 3.) First, Vierzba allegedly committed perjury by reporting that there were sexually explicit images of a minor on Braun's phone. (*Id.*) This claim is relevant to the state court case in which Braun was convicted of third-degree criminal sexual conduct. That case, and the evidence relevant to it, was extensively litigated and the conviction was affirmed on appeal. *See Braun v. State*,

---

[5]    Braun's mention of the Second Complaint appears in the paragraph about the Fifth Amendment claim. (Doc. No. 6 at 3.) The Second Complaint does not raise a self-incrimination claim. (*See* Civ. No. 26-511, Doc. No. 1.)

10

No. A19-924, 2020 WL 994759 (Minn. Ct. App. Mar. 2, 2020) (detailing the case's procedural history and affirming denial of post-conviction relief). Braun cannot show a procedural due process violation because he had process available to him—he could have raised evidentiary issues in state court. *See Anderson v. Douglas County*, 4 F.3d 574, 578 (8th Cir. 1993) ("[Plaintiff] cannot complain of a violation of procedural due process when he has not availed himself of existing procedures."). Braun likewise cannot show a substantive due process violation because the facts as alleged do not establish conduct that shocks the conscience—there is no allegation or indication that Vierzba threatened or coerced Braun, purposely ignored exculpatory evidence, or systematically targeted Braun. *Cf. Akins v. Epperly*, 588 F.3d 1178, 1183-84 (8th Cir. 2009) (describing conduct that would be shocking to the conscience).

Second, Vierzba allegedly made a false claim to Benton County that Braun had unauthorized contact with his daughter. (Doc. No. 6 at 3.) As discussed above, there is no indication that the report to Benton County had negative consequences for Braun; any consequence stemmed from the state court conviction, not Vierzba's report. Braun has failed to allege deprivation of any interest and therefore has neither a substantive nor procedural due process claim for this allegedly false claim. *E.g.*, *Winslow v. Smith*, 696 F.3d 716, 735 (8th Cir. 2012) (discussing need for deprivation of interest). Braun's Fourteenth Amendment claims were properly dismissed.

## VI.    State Law Breach of Contract

Finally, reading the complaint liberally, Braun alleged breach of contract.[6] (Doc. No. 1 at 1.)  As the Magistrate Judge correctly explained, a federal court has discretion to decline the exercise of jurisdiction over state-law claims when all federal-law claims are eliminated.  (*See* Doc. No. 3 at 12-13.)  Because all of Braun's federal claims fail, the Court will not exercise supplemental jurisdiction.

## CONCLUSION

For the reasons outlined above, the Court overrules Braun's objections.  While Braun is entitled to leniency as a *pro se* litigant, he must still plead viable claims.[7]  He fails to do so.  Additionally, the Court previously dismissed Braun's claims without prejudice.  (Doc. No. 4.)  Now that Braun has added new arguments and details about the case to his objections and has pointed to a second case filing on the same subject, it is clear that further amendment of his claims would be futile.  It is therefore appropriate to dismiss his claims with prejudice.  Accordingly, the Court adopts the Magistrate Judge's R&R insofar as it recommends dismissal and modifies it insofar as it recommends dismissal without prejudice.

---

[6]    Braun did not defend the breach-of-contract claim in his objections (*see* Doc. No. 6), but he did raise a similar claim in the Second Complaint (*see* Civ. No. 26-511, Doc. No. 1 at 1).

[7]    In his request for leniency, Braun claims he requested counsel for assistance with these claims.  (Doc. No. 6 at 3.)  The Court found no such request.  Nonetheless, there is no right to counsel in civil cases, and the Court does not find it appropriate to appoint counsel here.  *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (discussing the factors a court considers when determining whether counsel should be appointed).

## ORDER

Based on the Court's careful review of the R&R and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Nathan C. Braun's objections (Doc. No. [6]) to Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation dated February 9, 2026, (Doc. No. [3]) are **OVERRULED**.

2.      The Court's prior order (Doc. No. [4]) adopting Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation dated February 9, 2026, (Doc. No. [3]) is **AMENDED** as follows:

    a.      Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation dated February 9, 2026, (Doc. No. [3]) is **ADOPTED IN PART AND MODIFIED IN PART**.

    b.      Plaintiff Nathan C. Braun's claims (Doc. No. [1]) are **DISMISSED WITH PREJUDICE**.

    c.      Plaintiff Nathan C. Braun's application to proceed in district court without prepaying fees or costs (Doc. No. [2]) is **DENIED AS MOOT**.

3.      The Clerk's Office is directed to issue an amended judgment dismissing the case with prejudice.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  April 21, 2026                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge


13